UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | Case No.  25-cv-10033-RFL<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiff Martin Rodriguez originally filed this personal injury case against Defendants Chevron U.S.A., Inc.; Kirk Erectors, Inc.; Cooling Tower Depot, Inc.; and 3M Company in state court.  Rodriguez alleges that he was injured while performing construction work at the Chevron Richmond Refinery due to dangerous worksite conditions and defects in the fall protection he was wearing, which 3M manufactured.  (Dkt. 1-2 at 12 ("Compl.").)  3M removed the case on the sole basis that diversity jurisdiction existed.  (Dkt. No. 1 ("NOR").)  In its Notice of Removal, 3M did not consider the citizenship of Defendant Chevron U.S.A., Inc. in its analysis under the false assumption that it had been voluntarily dismissed.  (NOR ¶ 20.)  In fact, Rodriguez had instead dismissed a separate Chevron entity—Chevron U.S.A.'s parent company, Chevron Corporation, who was included as a Defendant in Rodriguez's original state court complaint.  (*See* Dkt. No. 1-2 at 26 (dismissing "Defendant Chevron Corporation ONLY"); *see also* Dkt. No. 1-2 at 51.)[1]  Rodriguez now moves to remand the case to state court, arguing that Rodriguez and Chevron U.S.A. are both California citizens.  (Dkt. No. 12.)  For the reasons that

---

[1] All references to page numbers for documents on the docket refer to ECF pagination.

follow, the motion to remand is **DENIED**.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

Because 3M has met its burden of establishing federal jurisdiction over the case by a preponderance, Rodriguez's motion to remand is denied.  As an initial matter, 3M's failure to allege Chevron U.S.A.'s citizenship in its notice of removal does not render the notice of removal procedurally deficient.  (*See* Dkt. No. 12 at 5–6.)  3M's notice of removal provided a "short and plain statement of the grounds for removal" under 28 U.S.C. § 1446(a).  Though the notice contained incomplete allegations of citizenship, "a party's allegations in their opposition to a motion to remand are considered amendments to their notice of removal." *Flier v. FCA US LLC*, No. 21-cv-02553-CRB, 2021 WL 10894075, at *2 (N.D. Cal. Oct. 4, 2021) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002)); *see also Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971) (allowing belated amendment to sufficiently allege citizenship for diversity purposes pursuant to 28 U.S.C. § 1653).  Accordingly, the Court may properly consider 3M's allegations in its opposition to the remand motion concerning the citizenship of Chevron U.S.A. and the evidence submitted with the opposition.  *See Alvarado v. FCA US, LLC*, No. EDCV 17-505 JGB, 2017 WL 2495495, at *5 n.5 (C.D. Cal. June 8, 2017).

The evidence establishes by a preponderance that Chevron U.S.A. is a Pennsylvania and Texas citizen.  The parties agree that Chevron U.S.A. is, at the very least, a Pennsylvania citizen because it was incorporated in Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1).  But they disagree as to Chevron U.S.A.'s principal place of business.[2]  "The principal place of business is usually 'the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings.'" *Sheets v. F. Hoffmann-La Roche Ltd.*,

---

[2] Rodriguez's request that the Court take judicial notice of the fact that Chevron U.S.A. was incorporated in Pennsylvania and has its principal place of business at "5001 Executive Parkway, Suite 200, San Ramon, CA 94583" is denied.  (Dkt. No. 12-3.)  While the Court will take judicial notice of the form Chevron U.S.A. filed with the California Secretary of State, the Court declines to take judicial notice of the legal conclusion that the address listed reflects Chevron U.S.A.'s principal place of business.

No. 18-cv-04565-JST, 2018 WL 6428460, at *2 (N.D. Cal. Dec. 7, 2018) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).  In its most recent Statement of Information filed with the California Secretary of State on January 7, 2025, Chevron U.S.A. lists a California address as its "Street Address of Principal Office of Corporation."  (Dkt. No. 12-2 at 2.)  Moreover, two of the three officers listed on Chevron U.S.A.'s Statement of Information have California addresses, the same address listed as Chevron U.S.A.'s "Street Address of Principal Office of Corporation." (*Id.*)

However, the evidence establishes by a preponderance that Chevron U.S.A.'s nerve center is in Texas.  In 2024, Chevron Corporation announced that it expected "all corporate functions to migrate to Houston over the next five years" and that its CEO and vice chairman would move to Texas.  (Dkt. No. 13 at 6 (quoting *Chevron Announces Headquarters Relocation and Senior Leadership Changes*, Chevron (Aug. 2, 2024), https://www.chevron.com/newsroom/2024/q3/chevron-announces-headquarters-relocation-and-senior-leadership-changes).)  Consistent with Chevron Corporation's intention, Chevron U.S.A.'s CEO is located in Houston, Texas, a fact confirmed by the Statement of Information filed with the California Secretary of State on January 7, 2025.  (Dkt. No. 12-2 at 2.)  Chevron U.S.A. filed a statement with the Texas Secretary of State, dated January 30, 2025, listing 68 individuals who are identified under "management," of which 34 have a Texas address and 22 have a California address.  (Dkt. No. 13-1 at 162–64.)  The majority of Chevron U.S.A.'s directors and the overwhelming majority of the vice presidents listed on that statement are located in Texas.  (*Id.*)  In sum, Chevron U.S.A.'s leadership team's distribution is currently predominantly located in Texas, and Chevron Corporation publicly announced that all of its corporate functions were going to migrate over to Texas.  Even resolving all doubts in Rodriguez's favor, the evidence is sufficient to show by a preponderance that Chevron U.S.A.'s principal place of business is in Texas.  *See Torres v. Segway, Inc.*, No. 25-cv-05005-BLF, 2026 WL 311504, at *4 (N.D. Cal. Feb. 5, 2026).

Rodriguez objects to the evidence 3M proffers, arguing principally that the evidence is not sufficiently reliable.  (Dkt. No. 16 at 3–8.)  However, here, where Rodriguez has introduced

3

an evidentiary dispute as to whether Chevron U.S.A. is a California citizen, 3M need only support its "jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (cleaned up).  In other words, 3M is not required at this stage to present evidence "in a form that would be admissible at trial" but instead "must set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).  Accordingly, it is immaterial that the form from the Texas Secretary of State is not a certified copy, that 3M has not provided a foundation for the form (for instance, how the evidence was submitted or compiled), or that the job titles listed are not fully descriptive.  (Dkt. No. 16 at 6–7.)  3M has presented evidence that adequately sets out facts that it will be able to prove through admissible evidence.

For the foregoing reasons, Chevron U.S.A.'s principal place of business is in Texas, and Chevron U.S.A. is not a California citizen.  Defendants are therefore completely diverse from Rodriguez, and Rodriguez's motion to remand is denied.  The case is set for case management conference on **May 6, 2026**.

**IT IS SO ORDERED.**

Dated: April 9, 2026

RITA F. LIN
United States District Judge